1  JON M. SANDS
   Federal Public Defender
2  District of Arizona
   850 W. Adams, Suite 201
3  Phoenix, Arizona  85007
   Telephone: 602-382-2700
4
   JAMI JOHNSON
5  New York State Bar # 4823373
   DANIEL L. KAPLAN, #021158
6  Asst. Federal Public Defenders
   jami_johnson@fd.org
7  dan_kaplan@fd.org

8  *Attorneys for Defendant*

9                IN THE UNITED STATES DISTRICT COURT
10
                        DISTRICT OF ARIZONA
11

12
                                          |  No. MJ-20-08033-PHX-MTM
13  In the Matter of the Extradition of    |
14  Ali Yousif Ahmed Al-Nouri,             |  Supplemental Memorandum re: the
                                          |  "Political Offense" Exception to
15                   Defendant.             |  Extradition

16

17         During the May 8, 2020 detention hearing, a question arose regarding
18
    whether Mr. Ahmed, having previously denied during interviews with the FBI that
19
    he committed the substantive offenses with which Iraq has charged him, can
20
    nevertheless invoke the political offense exception in defense of extradition. The
21
    seminal case in the Ninth Circuit governing the political offense exception is *Quinn*
22
    *v. Robinson*, 783 F.2d 776 (9th Cir. 1986). In that case, the United Kingdom sought
23
    extradition of William Joseph Quinn, allegedly a member of the Irish Republican
24
    Army ("IRA"), for alleged commission of a murder in the United Kingdom in 1975
25
    and a pair of explosions in London in 1974 and 1975. The extradition treaty at issue
26

27

28

1
2

in that case, like the one at issue in this case, expressly provided that extradition should not be granted for crimes of a political nature. *Id.* at 783.

3
4
5
6
7

Throughout the pendency of the extradition proceedings, Quinn maintained both that the evidence presented in the extradition request was insufficient to establish probable cause and that the offenses for which the United Kingdom was seeking extradition were "offenses of a political character" upon which extradition could not be based. *Id.* at 785.

8
9
10
11
12
13
14

In its analysis of the standard for establishing whether a given political act was "incidental to" a political uprising—a prerequisite for invoking the political offense exception—the Ninth Circuit expressly disavowed that the relator had to have committed the charged acts or had to provide evidence of his membership in any relevant political organization in order to claim benefit of the political offense exception. *Id.* at 809. The court explained:

15
16
17
18
19
20
21
22

> When extradition is sought, the "offender" at this stage in the proceedings has ordinarily only been accused, not convicted of the charged offense. It would be inconsistent with the rights of the accused to require proof of membership in an uprising group. For example, accused might be able to show that the acts were incidental to the uprising but might be unable to prove membership because he or she did not commit the offense or was not a member of the group. Furthermore, requiring proof of membership might violate the accused's Fifth Amendment rights both because it might force him to supply circumstantial evidence of guilt of the charged offense and because membership in the group itself might be illegal.

23
24
25
26
27

*Id.* Thus, that a person "did not commit the offense" is not a bar to establishing applicability of the political offense exception in this circuit. Indeed, the *Quinn* court ultimately decided the merits of Quinn's political offense claim notwithstanding that Quinn was simultaneously challenging the sufficiency of the evidence against him. *Id.* at 814.

28

1    Diligent search has uncovered no case in which a court has held that a relator

2  must stipulate to or acknowledge commission of charged acts in order to invoke

3  the political offense exception.

4    Respectfully submitted:        May 13, 2020.

5
                                   JON M. SANDS
6                                  Federal Public Defender

7

8                                   *s/Jami Johnson*
9                                  JAMI JOHNSON
                                   DANIEL L. KAPLAN
10                                 Asst. Federal Public Defenders

11                            .

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28