JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

JAMI JOHNSON
New York State Bar # 4823373
DANIEL L. KAPLAN, #021158
Asst. Federal Public Defenders
Attorney for Defendant
jami_johnson@fd.org
dan_kaplan@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of the Extradition of<br><br>Ali Yousif Ahmed Al-Nouri,<br><br>Defendant. | No. MJ-20-08033-PHX-MTM<br><br>MOTION TO CONTINUE EXTRADITION HEARING<br><br>(First Request) |

Defendant Ali Yousif Ahmed Al-Nouri ("Mr. Ahmed"), through undersigned counsel, respectfully requests that this Court continue the extradition hearing presently scheduled for January 21, 2021 for a period of six (6) months. In addition, defendant requests that the Court extend the disclosure and briefing deadlines associated with the extradition hearing for a period of six (6) months.

The basis for this request is that counsel has determined in consultation with expert investigators and ethics counsel that despite their most diligent efforts, counsel for Mr. Ahmed will not be able to provide Mr. Ahmed competent representation as that term is understood under the Arizona Rules of Professional

…

Conduct if the extradition hearing proceeds on the presently scheduled date. Because they will be unable to discharge their ethical duties to Mr. Ahmed absent a continuance, counsel has been advised that they have an ethical obligation to seek the relief requested in this motion.

As the Court is aware, there has been and continues to be a global pandemic that has significantly disrupted daily life in much of the world and has greatly curtailed international travel. The conditions that gave rise to this situation began less than six weeks after counsel was appointed to represent Mr. Ahmed, and they persist to this day. These global conditions have affected counsel's ability to investigate the allegations in this case. Specifically, and as explained more fully in the attached declaration of Bridget Prince, Executive Director of One World Research, investigation of the charged offenses has been and remains impossible because travel to Fallujah is not possible owing to public health and safety conditions in Fallujah, specifically, and in Iraq more generally. Exhibit A, declaration of Bridget Prince. Ms. Prince continues to monitor the situation and is hopeful that anticipated improvements in both the public health situation and in the political climate in early-to-mid 20201 will eventually and in the near future render investigation once again practicable. *Id.* ¶ 32.

Upon determining that it would not be possible to conduct competent investigation within the timeframe required by the present scheduling order, defense counsel consulted ethics expert Professor Keith Swisher regarding counsel's ethical obligations and were advised that notwithstanding the more limited available uses of evidence in an extradition hearing compared with an ordinary criminal case, counsel nevertheless does have an ethical obligation to investigate. Exhibit B, declaration of Keith Swisher, ¶ 14(a). Professor Swisher advises that a failure to investigate would constitute a breach of counsel's ethical

duties. *Id.* He further advises that counsel is obligated to seek a continuance from this Court in order to afford them the opportunity to conduct the investigation necessary to discharge their ethical duties. *Id.* ¶ 14(b). Professor Fisher additionally advises that should such motion be denied, counsel has an ethical obligation, in consultation with Mr. Ahmed, to seek whatever appellate review may be available and must ultimately, if unable to obtain relief, consider whether to withdraw from the representation in order to avoid violating their ethical obligations to Mr. Ahmed. *Id.*

Defense counsel regrets the effect that a continuance will undoubtedly have on the Court's calendar but finds itself unable, despite best efforts, to fulfill its ethical obligations to Mr. Ahmed within the timeframe currently envisioned by the Court's scheduling order. Mr. Ahmed therefore respectfully requests that this Court continue the extradition hearing presently scheduled for January 21, 2021 for a period of six (6) months. In addition, defendant requests that the Court extend the disclosure and briefing deadlines associated with that extradition hearing for a period of six (6) months to afford counsel time to investigate.

On December 1, 2020, the Government was provided with copies of the declaration that Mr. Ahmed has submitted in support of his motion to continue. The Government advised that it will file a prompt written response setting forth the Government's position as to Mr. Ahmed's request to continue the extradition hearing.

Respectfully submitted: December 2, 2020.

JON M. SANDS
Federal Public Defender

 *s/Jami Johnson*
JAMI JOHNSON
DANIEL L. KAPLAN
Asst. Federal Public Defenders

3