MICHAEL BAILEY
United States Attorney
District of Arizona

TODD M. ALLISON
Arizona State Bar No. 026936
DAVID A. PIMSNER
Arizona State Bar No. 007480
RACHEL C. HERNANDEZ
Arizona State Bar No. 016543
DIMITRA H. SAMPSON
Arizona State Bar No. 019133
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Todd.Allison@usdoj.gov
Email: David.Pimsner@usdoj.gov
Email: Rachel.Hernandez@usdoj.gov
Email: Dimitra.Sampson@usdoj.gov
Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of the Extradition of Ali Yousif Ahmed Al-Nouri a/k/a Ali Youssef Ahmed Al-Nouri, Ali Ahmed, Ali Yousif Ahmed Al Noori, Ali Yousif Ahmed Nouri, Ali Al-Daleme, Ali Yousif Ahmed Al-Mahmadi, Ali Yousif Ahmed, and Ali Yousif Nouri. | No. 20-8033MJ<br><br>**UNITED STATES' RESPONSE TO AHMED AL-NOURI'S MOTION TO CONTINUE EXTRADITION HEARING** |

The United States of America, through undersigned counsel, hereby responds to Ali Yousif Ahmed Al-Nouri's (hereafter, "Ahmed") Motion to Continue Extradition Hearing, (Doc. 142), and opposes Ahmed's request for a six-month continuance of the extradition hearing, currently scheduled for January 21, 2021. The United States acknowledges that the COVID-19 pandemic has made things more difficult for the parties to prepare for the extradition hearing (i.e. difficulty in meeting in person with Ahmed, case agents, and experts, full access to office resources), and for that reason, does not oppose a brief continuance (one to two months) should the Court determine it to be appropriate. However,

the Court should deny Ahmed's request for a lengthy continuance because he is not entitled to conduct the type of international investigation of the facts of the underlying crime, which he seeks to conduct prior to the extradition hearing.

In Ahmed's Motion, he asks the Court to continue the January 21, 2021, extradition hearing as well as the related disclosure and briefing deadlines in this case for a period of six months because (a) the global COVID-19 pandemic has affected defense counsels' ability to conduct an investigation in Fallujah, Iraq into the underlying criminal allegations referenced in the extradition complaint, and (b) the failure to conduct a complete investigation of the underlying criminal activity in Fallujah, Iraq "would constitute a breach of counsel's ethical duties." (Doc. 142, at 2-3.) Ahmed supports his request with two sworn declarations—one from the executive director of One World Research (Doc. 142, Exhibit A), a public interest research and investigation firm contacted by Ahmed's defense counsel in early 2020, and another from an Arizona ethics attorney who has been retained by Ahmed's defense counsel (Doc. 142, Exhibit B). Ahmed asserts that, to prepare for his extradition hearing, investigators will need to travel to Fallujah, Iraq to investigate the charged offenses. (Doc. 142, at 2.) Moreover, Ahmed's retained legal ethics expert claims that, to discharge their ethical obligations, Ahmed's counsel must, "at a minimum . . . attempt to interview eye-witnesses to the alleged crimes and other material witnesses, review all reports and other records concerning the crimes and the extradition proceedings, and once adequately apprised of the facts, research and consider all potential procedural and substantive defenses." (Doc. 142, Exhibit B, at ¶ 14(a)).

The purported need to conduct an international investigation does not provide an appropriate basis to continue an extradition hearing. As the United States has already briefed for this Court, an extradition proceeding is not a criminal proceeding, and the extradition hearing is not a trial on the merits of the underlying foreign criminal allegations. *See, e.g.*, *Collins v. Loisel*, 259 U.S. 309, 316 (1922); *Emani v. U.S. Dist. Court for N.D.*

*Cal.*, 834 F.2d 1444, 1452 (9th Cir. 1987).[1]  Extradition proceedings do not require live testimony from any witnesses from the requesting country's criminal case, and the fugitive has no right to confront such witnesses in an extradition hearing.  *See, e.g.*, *Oen Yin-Choy v. Robinson*, 858 F.2d 1400, 1406-07 (9th Cir. 1988); *Zanazanian v. United States*, 729 F.2d 624, 626-27 (9th Cir. 1984).  The Federal Rules of Criminal Procedure do not apply to extradition proceedings.  Fed. R. Crim. P. 1(a)(5)(A) ("Proceedings not governed by these rules include . . . the extradition and rendition of a fugitive.").  As a general matter, a fugitive is not entitled to discovery in an extradition proceeding.  *See Charlton v. Kelly*, 229 U.S. 447, 459-62 (1913).  Sixth Amendment protections do not apply in extradition proceedings.  *See, e.g.*, *DeSilva v. DiLeonardi*, 181 F.3d 865, 868 (7th Cir. 1999) (declining to address the merits of an ineffective-assistance-of-counsel claim in an extradition proceeding because "the Sixth Amendment does not apply to extradition"); *Caltagirone v. Grant*, 629 F.2d 739, 748 n.19 (2d Cir. 1980) ("The Sixth Amendment by its terms applies only to 'criminal prosecutions,' and an extradition proceeding is not a 'criminal prosecution.'").

Rather, at the extradition hearing, the Court's role is limited to considering the requesting country's evidence and determining whether the legal requirements for certification of the fugitive's extradition—as defined in the applicable extradition treaty, statutes, and case law—have been established.  *Quinn v. Robinson*, 783 F.2d 776, 786 n.3 (9th Cir. 1986) (citing *Charlton v. Kelly*, 229 U.S. 447, 461 (1913)) (analogizing an extradition hearing to a preliminary hearing in a criminal case).  The extradition judge's probable cause determination is "not a finding of fact 'in the sense that the court has

---

[1] Unlike domestic criminal defendants, fugitives are curtailed in the type of evidence that can be presented in the extradition proceedings.  *Hooker v. Klein*, 573 F.2d 1360, 1369 (9th Cir. 1978).  Types of evidence inadmissible in extradition proceedings include: (1) attacks on the credibility of the requesting country's witnesses, *see, e.g.*, *Santos v. Thomas*, 830 F.3d 987, 993 (2016) (*en banc*); (2) presentation of evidence of alibi, *see, e.g., Hooker*, 573 F.2d at 1369; or (3) attempts to undermine the truth of the facts contained within the documents submitted in support of extradition, *see, e.g.*, *Matter of Extradition of Ricardo Alberto Martinelli Berrocal*, No. 17-22197-Civ-TORRES, 2017 WL 3776953, at *35 (S.D. Fla. Aug. 31, 2017).

- 3 -

1 weighed the evidence and resolved disputed factual issues,'" but instead "serve[s] only the
2 narrow function of indicating those items of submitted evidence on which the decision to
3 certify extradition is based." *Id*. at 791 (quoting *Caplan v. Vokes*, 649 F.2d 1336, 1342
4 n.10 (9th Cir. 1981)).  The purpose of an extradition hearing is to decide the sufficiency of
5 each charge for which extradition is requested under the extradition treaty; the purpose is
6 not to determine the guilt or innocence of the fugitive because such a determination is
7 reserved for the foreign court in which the fugitive faces criminal charges.  *Collins*, 259
8 U.S. at 316; *Neely v. Henkel*, 180 U.S. 109, 123 (1901).

/ / /

/ / /

/ / /

Because of the unique nature of an extradition proceeding, Ahmed is not entitled to conduct the type of international investigation he proposes, and his request to continue the extradition hearing for such an extended period of time on this basis alone should be denied. Instead, the Court should use its discretion to balance the need to hold the extradition hearing in a timely manner[2] and make a determination as to whether to certify Ahmed's extradition with the ability of the parties to be prepared to conduct the extradition hearing. There is no question that the COVID-19 pandemic has made things difficult for both parties to prepare for the extradition hearing as well as for the Court to properly schedule and hold such a hearing. For that reason, if the Court is otherwise inclined to do so, the United States does not oppose a brief continuance of one or two months for the parties to have additional time to prepare.[3] Regardless of whether the Court grants Ahmed's Motion, the United States will be ready and prepared to go forward with the extradition hearing on January 21, 2021, or any date on which the Court reschedules the hearing.

RESPECTFULLY SUBMITTED this 4th day of December, 2020.

    MICHAEL BAILEY
    United States Attorney
    District of Arizona

    *s/ Todd M. Allison*
    TODD M. ALLISON
    DAVID A. PIMSNER
    RACHEL C. HERNANDEZ
    DIMITRA H. SAMPSON
    Assistant United States Attorneys

---

[2] Ahmed was arrested on the extradition complaint on January 30, 2020, and detained pending the extradition hearing. (Docs. 11, 110.) As of the date of this filing, he has been in custody over ten months. Should the Court grant Ahmed's request for a six-month continuance, his extradition hearing would not even occur until at least July 2021, approximately 18 months after Ahmed's arrest in this case.

[3] In the event the Court grants any continuance, the United States requests that the Court allow the parties an opportunity to work together to propose a modified schedule for pre-hearing deadlines.

# CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing documents, and sent the attached document to the following CM/ECF registrant(s):

Jami Johnson
Dan Kaplan
*Counsel for Ali Yousif Ahmed Al-Nouri*

*s/ Theresa Hanson*
United States Attorney's Office