# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of the Extradition of Ali Yousif Ahmed Al-Nouri a/k/a Ali Youssef Ahmed Al-Nouri, Ali Ahmed, Ali Yousif Ahmed Al Noori, Ali Yousif Ahmed Nouri, Ali Al-Daleme, Ali Yousif Ahmed Al-Mahmadi, Ali Yousif Ahmed, and Ali Yousif Nouri. | No. MJ-20-08033-PHX-MTM **ORDER** |

Before the Court is Defendant's Motion to Reopen Detention (doc. 127), filed November 9, 2020.[1] Defendant requests that this Court re-open the issue of detention after it ordered Defendant detained ("Detention Order") on September 21, 2020. (Doc. 110), The government filed a Response in Opposition (doc. 132) on November 24, 2020. Defendant filed a Reply (doc. 141) on December 2, 2020, and a Supplement (doc. 146) on December 3, 2020. The government filed a Notice (doc. 152) on December 4, 2020.

The federal extradition statute does not provide explicit authority to grant bail to a potential extraditee. *See* 18 U.S.C. § 3184. In contrast to a federal criminal case, the Bail Reform Act, 18 U.S.C. §§ 3141—3156, does not apply. *Kamrin v. United States*, 725 F.2d 1225, 1228 (9th Cir. 1984).

Where the requesting foreign government has complied with a valid extradition treaty, the United States is obligated to surrender the fugitive, "an obligation which it might

---

[1] Defendant concurrently filed an Interlocutory Appeal of the Detention Order in the Ninth Circuit. (Doc. 112). On December 21, 2020, the Ninth Circuit held that the Court's decision to detain Defendant was not a final decision under 28 U.S.C. § 1291 and dismissed the appeal for lack of jurisdiction. *United States v. Al-Nouri*, 983 F.3d 1096 (9th Cir. 2020).

Because the Ninth Circuit has already dismissed the appeal, the portion of the motion devoted to requesting an indicative ruling is moot.

be impossible to fulfill if release on bail were permitted." *Wright v. Henkel*, 190 U.S. 40, 62 (1903). "[T]here is a presumption against bail in an extradition case and only 'special circumstances' will justify bail." *Salerno v. United States*, 878 F.2d 317 (9th Cir. 1989) (citing *Wright*, 190 U.S. at 63 (1903)). *See also Matter of Requested Extradition of Kirby*, 106 F.3d 855, 858 (9th Cir. 1996). To obtain bail, a fugitive bears the burden of showing special circumstances; if special circumstances are shown, then the fugitive must also demonstrate that the fugitive is not a flight risk or danger to the community. *Matter of Extradition of Antonowicz*, 244 F. Supp. 3d 1066, 1069 (C.D. Cal. 2017).

The Court declines to re-open the Detention Order. Reopening of a detention hearing is discretionary. *United States v. Lane*, No. CR 12-01419-001-PHX-DGC, 2013 WL 2390253 at *1 (D. Ariz. May 29, 2013). The Court in the Detention Order considered the possibility of COVID-19 infection while detained and concluded it did not constitute a special circumstance. (Doc. 110 at 2-3). After considering the Reply and the Supplements filed by Defendant and the government, the Court concludes that Defendant's circumstances have not materially changed sufficient to revisit the Detention Order.

**IT IS HEREBY ORDERED** that Defendant's Motion to Reopen Detention (doc. 127) is **denied**.

Dated this 19th day of February, 2021.

_____
Honorable Michael T. Morrissey
United States Magistrate Judge