IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of the Extradition of Ali Yousif Ahmed Al-Nouri a/k/a Ali Youssef Ahmed Al-Nouri, Ali Ahmed, Ali Yousif Ahmed Al Noori, Ali Yousif Ahmed Nouri, Ali Al-Daleme, Ali Yousif Ahmed Al-Mahmadi, Ali Yousif Ahmed, and Ali Yousif Nouri. | No. 20-MJ-08033-PHX-MTM<br><br>**ORDER** |

This matter is before the Court upon Ahmed's[1] Motion to Compel Discovery. (Doc. 180). The government filed a Response (doc. 184) and Ahmed filed a Reply. (Doc. 186).

**I.      The Motion to Compel.**

Ahmed moves to compel disclosure of six categories of information. (Doc. 180, Ex. 1). In summary, Ahmed seeks 1) all exculpatory information within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny; 2) all information suggesting that any person who provided information for use in the Complaint (doc. 3) received any benefit or promise of future benefit from the United States or any other government; 3) statements made about Ahmed by anyone who provided information or statements for use in the Complaint, other than statements included in the Complaint; 4) statements made by any witness to the events described in the Complaint, other than statements included in the Complaint; 5) identification of any persons employed by the United States who were involved in drafting the Complaint or in investigation of acts described in the Complaint;

---
[1] The Court will adopt the practice of both parties in referring to Mr. Ali Yousif Ahmed Al-Nouri as "Ahmed."

1  and 6) any information in the possession of the United States government documenting
2  Ahmed's movements in Iraq for two separate time periods. *Id*.

3  In support of his Motion, Ahmed notes that a Magistrate Judge may order limited
4  discovery and cites to the Fifth Amendment guarantee of due process of law and *Brady*
5  principles. (Doc. 180 at 1-5). In the alternative, the Motion requests *in camera* review by
6  the Court to determine whether the United States was involved in an investigation of the
7  offenses charged in the Complaint and to determine the scope of the materials to be
8  produced. *Id*. at 7.

9  In opposition, the government argues that 1) the discovery sought is not tailored to
10 the permissible purpose of discovery—whether probable cause exists for the crimes for
11 which extradition is sought—and 2) that Ahmed's reference to a separate extradition
12 hearing, *In re Extradition of Omar Abdulsattar Ameeen*, No. 18-MJ-152-EFB (E.D. Cal.)
13 does not provide a basis for discovery in Ahmed's case. Further, the government asserts
14 that *in camera* review is not appropriate because Ahmed has not shown he might discover
15 exculpatory or impeaching material. (Doc. 184).

**II.   Analysis.**

"[D]iscovery in an international extradition hearing is limited and lies within the discretion of the magistrate." *Matter of Extradition of Kraiselburd*, 786 F.2d 1395, 1399 (9th Cir. 1986). Extradition proceedings are "not to be converted into a dress rehearsal trial;" the question is whether the requested discovery would appreciably advance resolution of the contested issue. *Quinn v. Robinson*, 783 F.2d 776, 817 n.41 (9th Cir. 1986) (quoting *Jhirad v. Ferrandina*, 536 F.2d 478 (2d. Cir. 1976). If permitted, discovery must relate to "whether probable cause exists that the fugitive committed an extraditable offense." *Matter of Extradition of Handanovic*, 826 F. Supp. 2d 1237, 1239 (D. Or. 2011).

A.   <u>Requests 1, 2 and 6 - exculpatory information and information about benefits.</u>

In *Merino v. United States Marshal*, 326 F.2d 5, 13 (9th Cir. 1963) the Court found that the principles set forth in *Brady v. Maryland*, 373 U.S. 83 (1963) did not apply in an extradition hearing. Ahmed acknowledges the absence of authority finding *Brady*

applicable, but asserts that the logic underlying *Brady* has been applied to permit discovery where the United States was involved in the investigation of conduct alleged in the Complaint. (Doc. 180 at 5). Here, the government acknowledges "an ongoing domestic criminal investigation" of Ahmed that is "not narrowly focused on whether Ahmed committed the premeditated murders in Iraq on June 1, 2006 and October 3, 2006." (Doc. 184 at 10). Ahmed argues (doc. 186 at 1) that the government concedes "it has conducted an investigation of Mr. Ahmed related to the foreign-charged conduct," rendering his case indistinguishable from *Demjanjuk v. Petrovksy*, 10 F.3d 338 (6th Cir. 1993). In *Demjanjuk*, the 6th Circuit stated that *Brady* should apply where the government seeks extradition "based on proof of alleged criminal activities." *Id*. at 353.

The Ninth Circuit has not adopted the analysis of *Demjanjuk*. In *Prasoprat v. Benov*, 21 F.3d 1009, 1015 (9th Cir. 2005), the Court stated:

> Prasoprat urges us to rely on *Demjanjuk v. Petrovsky*, 10 F.3d 338 (6th Cir. 1993), in which government attorneys failed to disclose 'exculpatory information in their possession during [denaturalization proceedings] culminating in extradition proceedings.' *Id*. at 339. The evidence sought by Demjanjuk, however, related to whether he was in fact the individual who had committed the extraditable offense and thus concerned the probable cause determination.

The *Prasoport* Court found that the government's discovery obligation was dependent on whether the discovery sought would bear upon the probable cause determination. In concluding the district court had not erred in denying discovery on an unrelated issue, *Prasoprat* did not adopt the *Demajanjuk* rule that *Brady* should apply where the government seeks extradition based on alleged crimes. *Id*. at 1015-16.

In its Response to the Motion to Compel, the government stated it:

> unequivocally also informs the Court, it has not to date through its domestic criminal investigation of Ahmed come across any information or documents in its possession, custody or control that would 'undercut' or 'obliterate' probable cause that Ahmed committed the crimes identified in Iraq's extradition request.

(Doc. 184 at 11). Further, the government states that it will affirmatively and voluntarily disclose any evidence that undercuts or obliterates probable cause "if such evidence is identified" in its ongoing domestic criminal investigation. *Id*. The government's avowal

- 3 -

to the Court, however, does not end the inquiry, because the scope of discovery under *Quinn*, 783 F.2d 775, 817 n.41, and *Prasoport*, is not necessarily limited to what the government references as its "domestic criminal investigation." The government states that its domestic criminal investigation is "not narrowly focused on whether Ahmed committed the premediated murders in Iraq on June 1, 2006 and October 3, 2006." (Doc. 184 at 10). That statement implies that issues related to probable cause—Ahmed's alleged actions in Iraq— have been investigated by the government.

Accordingly, the Court will grant, in part, Ahmed's first request for discovery; the government must disclose exculpatory materials in its possession, whether or not those materials resulted from its "domestic criminal investigation" or other source, that would undercut or obliterate probable cause that Ahmed committed the crimes alleged in the Complaint. In all other respects the Motion to Compel the information referenced in Exhibit 1, No. 1, (doc. 180-1, at 2) is denied.

Ahmed asserts that Request 6, in requesting all information documenting Ahmed's movement around Iraq "on (1) May 26, 2006 through June 1, 2006, and (2) September 27, 2006 through October 3, 2006" (doc. 180-1 at 3), is "analogous to evidence wrongfully withheld by the United States in *Demjanjuk*—specifically, the absence of Mr. Demjanjuk's name from rosters of guards working at the concentration camp." (Doc. 186 at 5). The Complaint charges Ahmed with participation in murders on or about June 1, 2006, and on or about October 3, 2006. (Doc. 3 at 2-3). In opposing Request 6, the government asserts that Ahmed has "admitted that he resided in Fallujah, Iraq throughout 2006" and admitted that "he suffered gunshot wounds in and around October 2006 in Fallujah, Iraq." (Doc. 184 at 14).

The Court will deny Request 6. First, to the extent it requests information in support of an alibi defense, such information is not admissible in an extradition hearing. *See Santos v. Thomas*, 830 F.3d 987, 993 (9th Cir. 2016) (en banc). Request 6, however, may also be read as requesting exculpatory evidence that Ahmed was not physically present at the scene of the murders in Fallujah, Iraq on June 1, 2006 and October 3, 2006. Any such evidence

showing Ahmed was not physically present at the respective murder scenes—which would undercut or potentially obliterate probable cause—is subsumed within the language of Request 1, which requests any information "that tends to exculpate Mr. Al-Nouri of the acts alleged" in the Complaint. (Doc. 180-1 at 2).

Request No. 2 seeks impeachment evidence regarding benefits provided to any person who provided information or statements for use in the Complaint. (Doc. 180-1 at 2). The Court will deny Request No. 2, as impeachment evidence regarding benefits does not relate to whether probable cause exists that Ahmed committed the crimes alleged; further, impeachment evidence is not admissible at an extradition hearing. Accordingly, discovery of such information would not appreciably advance resolution of the contested issue. *See, Man-Seak Choe v. Torres*, 525 F.3d 733, 740 (9th Cir. 2008) (affirming denial of discovery relating to witness credibility); and *Santos*, 830 F.3d at 993 (fugitive may not impeach government witnesses at extradition hearing).

B.  Requests 3, 4, and 5.

Ahmed seeks statements made about him by anyone who provided information or statements for use in the Complaint (request 3), and witness statements (request 4), excepting those statements already included in the Complaint. (Doc. 180-1, Ex. 1 at 3). In Request 5, Ahmed seeks identification of any persons employed by the United States who were involved in drafting the Complaint or in investigation of acts described in the Complaint. *Id*.

The Court will deny the Motion to Compel the information referenced in Requests Nos. 3, 4 and 5. As noted, permissible discovery must appreciably advance resolution of the contested issue by relating to whether probable cause exists that the fugitive committed an extraditable offense. *See, Matter of Extradition of Handanovic*, 826 F. Supp. 2d at 1239. The information requested would not do so. Requests Nos. 3, 4 and 5 seek information without showing how the information would relate to a probable cause determination or be admissible in an extradition hearing. With respect to Request 5, Ahmed states that the request is:

1
2
>designed to elicit information about the United States' involvement in the bringing of the foreign complaint that would confer on the United States a heightened duty of disclosure.

(Doc. 186 at 5). Ahmed's argument assumes a fact not proven – that the United States was involved in the bringing of or drafting of the Complaint (doc. 3) – in hopes of triggering a discovery obligation. In so doing, Request No. 5 strays far afield from the standards applicable to discovery in extradition proceedings.

In *Matter of Extradition of Kraiselburd*, 786 F.2d at 1399, the Court affirmed the Magistrate Judge's denial of a blanket discovery request that did not articulate how it related to probable cause; the Court noted that the Magistrate Judge had granted discovery "to the extent it related to the question whether there existed probable cause." Here, having granted discovery to the same extent as in *Kraiselburd*, by granting in part the Motion to Compel for information in Request No. 1, the Court also follows *Kraiselburd* by denying Requests 3, 4 and 5. Ahmed has not shown how these broad requests would relate to a probable cause determination or would produce information admissible at an extradition hearing. *See Santos*, 830 F.3d at 993 (fugitive may not present alibi evidence, facts contradicting the government's proof, or impeachment evidence).

**III. In Camera Review.**

The Court will deny the Ahmed's request that it conduct *in camera* review of the information he seeks to compel. Ahmed urges the Court not to rely upon the government's avowal that it has not to date found any information in its possession that would undercut or obliterate probable cause, and cites to the unrelated case of *In re Extradition of Omar Abdulsattar Ameeen*, No. 18-MJ-152-EFB (E.D. Cal.) as suggesting that the Department of Justice fails to comprehend the meaning of the concepts of undercutting or obliterating probable cause. (Doc. 186 at 6-9).

The *Ameen* extradition is not relevant to the issues before this Court. This Court's role is to consider "whether the crime of which the person is accused is extraditable" and "whether there is probable cause to believe the person committed the crime charged." *Santos*, 830 F.3d at 991. The Court has no reason to doubt that counsel on both sides of

1  this matter are mindful of their ethical and legal obligations at all times. *See DR*
2  *Distributors, LLC v. 21 Century Smoking, Inc.*, --- F. Supp. 3d ---, ---, 2021 WL 185082 at
3  *66 (N.D. Ill. 2021) ("In discovery, the parties have an obligation to conduct themselves
4  in good faith."); *Alvarez v. Wallace*, 107 F.R.D. 658, 661 (W.D. Tex. 1985) ("The Court
5  always relies upon counsel to conduct themselves in a professional and courteous manner,
6  and to exercise good faith in all their dealings with counsel and the Court."); *United States*
7  *v. Walker River Irr. Dist.*, No. 73-CV-127-ECR (RAM), 2006 WL 618823 at *3 (D. Nev.
8  Mar. 10, 2006) ("[T]he court should start with the presumption that … lawyers will behave
9  in an ethical manner.").

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Compel Discovery (doc. 180) is **granted in part**. The government shall disclose exculpatory materials in its possession, whether or not those materials resulted from its "domestic criminal investigation" or other source, that would undercut or obliterate probable cause that Ahmed committed the crimes alleged in the Complaint. In all other respects, the Motion to Compel Discovery is **denied**.

Dated this 31st day of March, 2021.

*Michael T. Morrissey*
Honorable Michael T. Morrissey
United States Magistrate Judge