# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of the Extradition of Ali Yousif Ahmed Al-Nouri a/k/a Ali Youssef Ahmed Al-Nouri, Ali Ahmed, Ali Yousif Ahmed Al Noori, Ali Yousif Ahmed Nouri, Ali Al-Daleme, Ali Yousif Ahmed Al-Mahmadi, Ali Yousif Ahmed, and Ali Yousif Nouri. | No. 20-MJ-08033-PHX-MTM<br><br>**ORDER** |

Before the Court is Defendant's Second Motion to Continue Extradition Hearing (doc. 194), filed April 15, 2021. Defendant requests a second six-month continuance of the extradition hearing in this matter. The government opposes the motion. (Doc. 196). Defendant asserts that the continuance is necessary because the public health conditions in Iraq have "worsened" since Defendant's last continuance request on December 2, 2021 (doc. 142), which the Court granted. (Doc. 159). According to Defendant, the worsening conditions render impossible an investigation of the evidence presented by the government on behalf of the government of Iraq in this extradition proceeding. The extradition hearing is currently scheduled for May 25, 2021. (Doc. 177).

The Court denies the motion.[1] Whether to grant a continuance is largely consigned to the court's discretion. *Cf. Ungar v. Sarafite*, 376 U.S. 575, 589 (1964) ("There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate

---

[1] Defendant's alternative request—that the Court bifurcate the extradition process between the "legal questions" and the probable cause issues (doc. 194 at 2-3)—is denied as well. Many of the legal issues in this case, such as whether the political offense exception applies, are highly fact-dependent inquiries. *See Quinn v. Robinson*, 783 F.2d 776, 791 (9th Cir. 1986) ("The political offense issue, in contrast to the determinations discussed above, is a mixed question of law and fact."). Bifurcation of the hearing would not be helpful.

1   due process. The answer must be found in the circumstances present in every case,
2   particularly in the reasons presented to the trial judge at the time the request is denied.").
3   In the extradition context, the Court has considered the interest the government has in
4   fulfilling its treaty obligations with foreign states in a timely manner, the likelihood that
5   granting the continuance will afford Defendant the relief sought, and the previous
6   continuances and extensions granted in this case. (*See* docs. 17, 21, 33, 83, 159). The Court
7   concludes that these considerations counsel against granting a continuance.

8       Defendant identifies no specific evidence he seeks to collect and no specific
9   witnesses he wishes to interview in Iraq. Defendant does not explain what evidence the
10  requested investigation might reasonably be expected to reveal, and how that evidence
11  would "explain away" probable cause rather than contradict evidence submitted by the
12  requesting foreign government; the Ninth Circuit makes clear that contradictory evidence
13  is not relevant to extradition proceedings. *Santos v. Thomas*, 830 F.3d 987, 992 (9th Cir.
14  2016). Instead, Defendant states in conclusory fashion that it is extremely improbable that
15  Defendant committed the charged acts, "which naturally and inevitably corresponds to a
16  higher likelihood that explanatory evidence that undermines probable cause will be located
17  during a competent investigation." (*Id.* at 2). These unsupported representations are
18  insufficient to grant a second six-month continuance.

19      Additionally, Defendant misapprehends the role of this Court in an extradition
20  proceeding. An extradition proceeding is "not to be converted into a dress rehearsal for
21  trial." *Oen Yin-Choy v. Robinson*, 858 F.2d 1400, 1407 (9th Cir. 1988), citing *Emami U.S.*
22  *Dist. Court for the Northern Dist. Of California*, 834 F.2d 1444, 1452 (9th Cir. 1987). The
23  Iraqi government is not required to put on a full trial and all evidence in this Court for the
24  Court to certify extradition. *Santos*, 830 F.3d at 991 ("Foreign states requesting extradition
25  are not required to litigate their criminal cases in American courts."). The standard for
26  certifying extradition is whether "the evidence is sufficient to sustain the charge under the
27  provisions of the proper treaty or convention." 18 U.S.C. § 3184; *see also Santos*, 830 F.3d
28  at 1000-01.

Defendant seeks a continuance to conduct an investigation that exceeds the scope of what is permissible in an extradition proceeding. In an extradition hearing, the defendant has no right to cross-examine witnesses or rebut evidence introduced by the prosecutor. *Oen Yin-Choy*, 858 F.2d at 1406-07, citing *Messina v. United States*, 728 F.2d 77, 80 (2d Cir. 1984). Impeachment of a witness is also not permitted. *In re Extradition of Handanovic*, 826 F. Supp. 2d 1237, 1239 (D. Or. 2011). The Magistrate Judge conducting the extradition "does not weigh conflicting evidence and make factual determinations" as to whether extradition is warranted. *Id*. Evidence such as the polygraph examination submitted by Defendant (doc. 194-2) in support of this motion is the sort of evidence that is inadmissible at an extradition proceeding, because it is evidence that seeks to contradict the evidence submitted by the requesting government.

Defendant argues in the motion that "[a]ll reasonable inferences that can be drawn from available evidence point to a strong likelihood that the allegations against [Defendant] are false." (Doc. 194 at 2). However, the standard to certify extradition is satisfied if there is "*any* evidence of probable cause," *Oen Yin-Choy*, 858 F.2d at 1407 (internal quotations omitted) (emphasis in original); that standard does not require uncontroverted evidence of probable cause.

**IT IS HEREBY ORDERED** that Defendant's Second Motion to Continue Extradition Hearing (doc. 194) is **denied**.

Dated this 21st day of April, 2021.

Michael T. Morrissey

Honorable Michael T. Morrissey
United States Magistrate Judge