**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of the Extradition of Ali Yousif Ahmed Al-Nouri a/k/a Ali Youssef Ahmed Al-Nouri, Ali Ahmed, Ali Yousif Ahmed Al Noori, Ali Yousif Ahmed Nouri, Ali Al-Daleme, Ali Yousif Ahmed Al-Mahmadi, Ali Yousif Ahmed, and Ali Yousif Nouri. | No. 20-MJ-08033-PHX-MTM  **ORDER** |

The parties have requested a status hearing to discuss issues concerning the procedures and scope, as well as other miscellaneous matters, concerning the extradition hearing currently scheduled for May 25, 2021. The Court therefore sets a status conference for **May 19, 2021** at **2:30 PM** in **Courtroom 302** of the Sandra Day O'Connor United States Courthouse. Arrangements will be made to facilitate Al-Nouri's appearance via videoconference at the May 19, 2021 status hearing.

One additional matter requires attention. On May 10, 2021, fifteen (15) days prior to the scheduled extradition hearing, counsel for Al-Nouri filed a motion requesting the United States Marshals Service make arrangements to transport Al-Nouri to the Courthouse on May 25, 2021. (Doc. 215). On May 11, 2021, the Court issued an Order (doc. 216) granting Al-Nouri's motion so that Al-Nouri may appear in person, and pursuant to standard practice in the District of Arizona to ensure individuals appearing in-person are not a risk for contracting or spreading COVID-19, required Al-Nouri to sequester prior to the extradition hearing. (*Id.* at 2).

//

That afternoon, the Court was notified by the United States Marshals Service that Al-Nouri refused to accept sequestration as stated by the Court's Order. The Court scheduled a telephonic conference for May 12, 2021 to confer with counsel to discuss the matter. (Doc. 217).

At the May 12, 2021 conference, Al-Nouri's counsel confirmed that Al-Nouri refused to accept sequestration prior to the extradition hearing and reiterated that Al-Nouri nonetheless wished to appear in-person at his extradition hearing. Counsel further argued that the provisions of the CARES Act that permit videoconferencing do not apply to extradition proceedings. Al-Nouri objected to making his appearance at the May 25, 2021 hearing contingent on being sequestered prior to the extradition hearing.

The Court observes that the statutes governing extradition require only that a hearing be conducted before a judicial officer of the United States in extradition proceedings, 18 U.S.C. § 3184, and that the hearing "be held on land, publicly, and in a room or office easily accessible to the public." 18 U.S.C. § 3189. There is no statutory provision that requires Al-Nouri be physically present at the hearing itself, and, as the Federal Rules of Criminal Procedure do not apply to extradition proceedings, Fed R. Crim. P. 1.(a)(5)(A), Fed. R. Crim. P. 43 governing a defendant's presence at criminal proceedings also does not apply. The remaining question is whether the Due Process Clause of the Fifth Amendment of the United States Constitution requires Al-Nouri to be permitted to be physically present at the extradition hearing.

The bedrock of due process protection under the Fifth Amendment is that an individual must be given notice and an opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner'"). The Supreme Court has subsequently observed that "the requirements of due process are flexible and call for such procedural protections as the particular situation demands." *Wilkinson v. Austin*, 545 U.S. 209, 224-25 (2005) (internal quotations omitted).

//

Under the circumstances present in this case, the Court concludes that it is not a violation of Al-Nouri's due process rights under the Fifth Amendment to make personal appearance at an extradition proceeding contingent on sequestration for public health reasons. The COVID-19 pandemic represents the worst public health crisis the world has faced in at least one-hundred years, *see Altman v. Cnty. Of Santa Clara*, 464 F. Supp. 3d 1106, 1112 (N.D. Cal. 2020) ("Experts consider this outbreak the worst public health epidemic since the influenza outbreak of 1918.") (internal quotations omitted), and the Supreme Court has acknowledged that certain public health measures that intrude on individual liberty may not necessarily arise to a constitutional violation. *See Jacobson v. Massachusetts*, 197 U.S. 11, 26 (1905) ("the liberty secured by the Constitution of the United States to every person within its jurisdiction does not import an absolute right in each person to be, at all times and in all circumstances, wholly freed from restraint."); *South Bay United Pentacostal Church v. Newsom*, 140 S. Ct. 1613 (2020) (mem.) (Roberts, C.J., concurring). Making physical appearance at a hearing contingent on prior sequestration is a reasonable restraint on liberty given the very real public health risks of COVID-19. Moreover, additional or alternative procedural safeguards are relevant to whether a due process violation occurs. *Wilkinson*, 545 U.S. at 225. The Court will add the additional safeguard to Al-Nouri's interests of ensuring that Al-Nouri is able to participate in the extradition hearing remotely in the event he does not wish to sequester beforehand.

To be clear, the Court is not prohibiting Al-Nouri from appearing in-person at his extradition hearing. Had Al-Nouri agreed to prior sequestration, he would be transported to the courthouse. However, given counsel's notice to the Court that Al-Nouri declines sequestration, the Court will ensure that other arrangements are made so that Al-Nouri may participate in the extradition hearing. But considering the public health necessities of the COVID-19 pandemic, the lack of statutory basis requiring Al-Nouri's physical presence at the hearing, and the fact Al-Nouri will retain the ability to appear through videoconference at the hearing, the Court concludes that Al-Nouri is not entitled to appear in-person at the extradition hearing set for May 25, 2021 absent his agreement to sequester beforehand.

Accordingly, **IT IS HEREBY ORDERED** that, in light of Al-Nouri's declination of sequestration, Al-Nouri may appear via videoconference at the May 25, 2021 extradition hearing. Appropriate arrangements shall be made to facilitate Al-Nouri's appearance at the May 25, 2021 hearing via videoconference.

Dated this 13th day of May, 2021.

*Michael T. Morrissey*
Honorable Michael T. Morrissey
United States Magistrate Judge