# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of the Extradition of Ali Yousif Ahmed Al-Nouri a/k/a Ali Youssef Ahmed Al-Nouri, Ali Ahmed, Ali Yousif Ahmed Al Noori, Ali Yousif Ahmed Nouri, Ali Al-Daleme, Ali Yousif Ahmed Al-Mahmadi, Ali Yousif Ahmed, and Ali Yousif Nouri. | No. 20-MJ-08033-PHX-MTM<br><br>**ORDER** |

Before the Court are two motions in limine: (1) the government's Motion to Exclude Al-Nouri's Expert Opinion Evidence (doc. 211); and (2) Al-Nouri's Motion in Limine RE: Tom Heinemann (doc. 212), both filed April 30, 2021. The government seeks to exclude portions of Professor Haider Ala Hamoudi's expert witness report ("Report") (doc. 200-3) as it pertains to: (1) the status of the Iraqi justice system; (2) the existence of the death penalty in Iraq; (3) whether Iraq would extradite its citizens to the United States; and (4) how the case against Al-Nouri has been charged in Iraq. (Doc. 211 at 3-7). Al-Nouri seeks to exclude the declaration of Tom Heinemann ("Declaration") (doc. 199-3) as to the scope of the extradition treaty between the United States and Iraq. (Doc. 212 at 2-3).

**I.  Motion to Exclude Heinemann Declaration.**

The Court denies Al-Nouri's motion. Although the Department of State is entitled to deference in extradition proceedings, *see Matter of Extradition of Mainero*, 990 F. Supp. 1208, 1217 (S.D. Cal. 1997), that deference extends only as to whether an extradition treaty between the United States and the Requesting State is in effect. *Id*. When it comes to the interpretation of an extradition treaty, although a Court should give *weight* to the State

Department's interpretation of a treaty, *see Medellin v. Texas*, 552 U.S. 491, 513 (2008) ("[i]t is, moreover, well settled that the United States' interpretation of a treaty 'is entitled to great weight'"), the Court does not *defer* to the interpretation of the Executive Branch. *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 353-54 (2006) ("If treaties are to be given effect as federal law under our legal system, determining their meaning as a matter of federal law 'is emphatically the province and duty of the judicial department,' headed by the 'one supreme Court' established by the Constitution.") (quoting *Marbury v. Madison*, 1 Cranch. 137, 177 (1803).

However, simply because the Declaration is not entitled to deference in an extradition proceeding does not mean it is completely irrelevant to an extradition proceeding. One of the elements the Court will necessarily have to consider is whether the offenses Al-Nouri is alleged to have committed are covered by the extradition treaty between the United States and Iraq. *United States v. Knotek*, 925 F.3d 1118, 1128-29 (9th Cir. 2019). Therefore, evidence in the form of expert opinion testimony that the documents are sufficient to demonstrate that Al-Nouri is alleged to have committed a covered crime is relevant to these extradition proceedings.[1] In short, Al-Nouri's argument regarding the Declaration goes to its weight, not its admissibility. The motion is denied.

## II. Motion to Exclude Hamoudi Report.

The Court grants the government's motion in part and denies it in part. The government does not seek the exclusion of the Report in its entirety. Rather, the government seeks to exclude only portions of the Report. The Court therefore proceeds by individually analyzing the topics the government wishes excluded from the Report.

### A. The Status of the Iraqi Justice System.

The Report is inadmissible as to the status of the Iraqi justice system. Under the rule of non-inquiry, an extradition court "does not inquire into the penal system of a requesting nation, or try to determine whether an extraditee is likely to be treated humanely if

---

[1] This point is underscored by the fact that Al-Nouri's own expert offers opinion as to whether Al-Nouri has actually been charged with a crime under Iraqi law in Section IV(A) of the Report. (Doc. 200-3, Ex. B at 12-26).

extradited, leaving such determinations to the Secretary of State." *Garcia v. Benov*, 715 F. Supp. 2d 974, 981-82 (C.D. Cal. 2009), citing *Prasoprat v. Benov*, 421 F.3d 1009, 1016 (9th Cir. 2005). The extraditing court "lacks discretion to inquire into the conditions that might await a fugitive upon return to the requesting country." *Prasoprat*, 421 F.3d at 1016. The status of the Iraqi justice system generally is therefore not relevant to these extradition proceedings.[2]

### B. The Application of the Death Penalty in Iraq.

The Report is inadmissible insofar as it describes the application of the death penalty in Iraq. The Ninth Circuit in *Prasoprat* held that it was not an abuse of discretion for the extradition court to exclude expert witness testimony regarding use of the death penalty in Thailand. *Prasoprat*, 421 F.3d at 1014-15. The Ninth Circuit reasoned that "[t]he only purpose of the extradition hearing is for the magistrate judge to determine whether the crime is extraditable and whether there is probable cause to support the charge." *Id*. at 1014. Therefore, information as to how Thailand imposes the death penalty "would not be relevant to the magistrate judge's decision regarding whether to certify Prasoprat as extraditable." *Id*. at 1015.

Although Al-Nouri argues that the Court should not "prejudge the merits" of several of Al-Nouri's claims vis-à-vis ruling on the admissibility of the Report (doc. 224 at 2-3), the Court concludes that the Ninth Circuit's conclusion in *Prasoprat* that the extradition court should not consider expert witness testimony regarding administration of the death penalty in a requesting state is materially indistinguishable from the Report's discussion of the application of the death penalty in Iraq. Moreover, the magistrate judge in *Prasoprat* excluded expert testimony concerning use of the death penalty in Thailand prior to the extradition hearing. *Id*. at 1012-13. *Prasoprat* therefore forecloses consideration of the Report as to imposition of the death penalty in Iraq, and the Court need not wait for the

---

[2] For reasons the Court explains further in Section II(D), *infra*, the rule of non-inquiry does not bar this Court from considering whether the Requesting State's materials are sufficient to demonstrate that the extradition request satisfies the terms of the extradition treaty. However, generalized concerns about the fairness or impartiality of the Requesting State's criminal justice system are reserved for the Department of State to consider if the Court decides to certify extradition.

extradition hearing to decide whether the Report is admissible.

**C.      The Extraditability of Iraqi Citizens.**

The Report is inadmissible insofar as it describes whether the Government of Iraq would extradite its own citizens upon request by the United States. The United States may elect to extradite its own citizens to other countries. 18 U.S.C. § 3196; *see also Quinn v. Robinson*, 783 F.2d 776, 782 (9th Cir. 1986). Additionally, extradition is permitted even where the other state is not obligated to extradite. *Charlton v. Kelly*, 229 U.S. 447, 475-76 (1913). Therefore, it is irrelevant whether Iraq would extradite its own citizens to the United States. The portions of the Report addressing this subject are excluded.

**D.      Procedural Defects in the Charging Materials.**

The Report is admissible insofar as it describes procedural defects in the charging documents. As the Court discussed in Section I of this Order, whether the provided documents indicate that Al-Nouri has been "charged with" a crime covered by the extradition treaty is relevant to the extradition proceeding.

The government argues that the rule of non-inquiry precludes consideration of whether there are procedural deficiencies with the Iraqi government's charging documents. (Doc. 211 at 6-7). However, as discussed in Section II(A) of this Order, the rule of non-inquiry is concerned primarily with whether an extraditee will be treated fairly in another nation's criminal justice system, leaving that determination for the Secretary of State. *Garcia*, 715 F. Supp. 2d at 981-82. Here though, the question of whether there are procedural defects in the charging materials goes straight to the issue of whether the conditions necessary to certify extradition under the extradition treaty have been met.

Moreover, as the Ninth Circuit stated in *Prasoprat*, the role of the magistrate judge in an extradition is to determine both "whether the crime is extraditable and whether there is probable cause to support the charge." *Prasoprat*, 421 F.3d at 1014. Whether Al-Nouri has actually been charged with an offense is relevant to whether he is extraditable. For the same reasons that the Court will consider the Declaration as evidence supporting that contention that Al-Nouri has been "charged with" a crime covered by the extradition treaty,

the Court will consider the portions of the Report that assert Al-Nouri has not been "charged with" a crime covered by the extradition treaty.

### III. Conclusion.

The Court denies Al-Nouri's motion and grants in part the government's motion. The Court will not consider Section IV(C) of the Report, and those portions of Section IV(A) of the Report that do not discuss whether Al-Nouri has been "charged with" a crime covered by the extradition treaty.

**IT IS ORDERED:**

(1) The government's Motion to Exclude Al-Nouri's Expert Opinion Evidence (doc. 211) is **granted** to the extent described in this Order. In all other respects, the motion is **denied**.

(2) Al-Nouri's Motion in Limine RE: Tom Heinemann (doc. 212) is **denied**.

Dated this 20th day of May, 2021.

Honorable Michael T. Morrissey
United States Magistrate Judge