# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of the Extradition of Ali Yousif Ahmed Al-Nouri a/k/a Ali Youssef Ahmed Al-Nouri, Ali Ahmed, Ali Yousif Ahmed Al Noori, Ali Yousif Ahmed Nouri, Ali Al-Daleme, Ali Yousif Ahmed Al-Mahmadi, Ali Yousif Ahmed, and Ali Yousif Nouri. | No. 20-MJ-08033-PHX-MTM<br><br>**ORDER** |

Before the Court is Ahmed's Motion to Compel (doc. 236), filed May 20, 2021. Ahmed requests an order pursuant to the Court's March 31, 2021 discovery order (doc. 191) compelling the government "produce any and all evidence in its possession, custody, or control from any source regarding the involvement of [Omer Mohammed] Hameed in the investigation or prosecution of this case.[1]" (*Id.* at 6). Ahmed filed a supplement to the motion (doc. 250) on June 9, 2021. The government opposes the motion (doc. 241).

The motion asserted that "in or around late 2018" Hameed: (1) demanded $40,000 from Ahmed's family "to avoid the filing of the false allegations at issue in this case" (doc. 236 at 1-2); (2) that Hameed "appears" to have "had the ability to carry through on his threat to make serious criminal charges against Ahmed appear in Iraqi court" (*id.* at 4-5); (3) "presumably had connections to individuals in Iraq who could effectively threaten and/or bribe Iraqi witnesses into signing incriminating statements" (*id.* at 5); and (4) the Iraqi government lodged a formal extradition request based on entirely fabricated evidence.

The government noted in its Response that because U.S. Customs and Border

---
[1] The Court previously recounted the factual basis for the Motion in more detail in its May 28, 2021 Order. (Doc. 247 at 1-2).

Protection travel records show that Hameed traveled outside the United States in 2018 only from January 26, 2018 to February 19, 2018, it is not possible that Hameed made the alleged demand upon Ahmed's family in or around late 2018. (Doc. 241 at 3). In his Supplement to the Motion to Compel, Ahmed presented a new time frame, asserting that the alleged demand occurred not in late 2018 but in February 2018. (Doc. 250 at 1-2).

In addition to the uncertainty on when Hameed is alleged to have made his demand for money from Ahmed's family, the motion and supplement do not provide any material in support of any of Ahmed's contentions. There is no statement, sworn or unsworn, from anyone in Ahmed's family, that the alleged 2018 extortion attempt occurred. Further, the motion is highly speculative in asserting that Hameed in 2018 "appear[ed]" to be able to cause false statements to be made against Ahmed, and "presumably" had connections to unnamed other individuals who could threaten or bribe witnesses. (Doc. 236 at 4-5).

The Government of Iraq issued a warrant for Ahmed's arrest in May of 2019. (Doc. 3 at 2). Ahmed asserts that the 2019 warrant for Ahmed's arrest by the government of Iraq and subsequent extradition request were caused by Hameed's alleged actions in influencing witnesses at some point in 2018 or after because Ahmed's family did not pay Hameed. Ahmed's claim of causation is severely undermined by the timing of certain witness statements relied upon in the Extradition Complaint. It was not in 2018 or 2019, after Hameed's alleged demand, that Ahmed was first identified as a suspect in the two murders alleged in the Complaint. Rather, Ahmed was identified as a conspirator in the Khalid murder as early as November 2006[2] and as a conspirator in the Issam murder as early as January 2009.[3] Further, while the Complaint and supporting exhibits do contain witness statements from 2019, after the time period in which Ahmed alleges Hameed demanded money "to avoid the filing of false allegations" (doc. 236 at 1-2), Ahmed asserts only that Hameed "presumably" had connections to unnamed persons in Iraq who could threaten or bribe witnesses in connection with the extradition. (*Id*. at 5).

---

[2] Doc. 3, Ex. A at 77-78.

[3] Doc. 3, Ex. A at 104.

In seeking discovery about Hameed, the motion to compel seeks evidence that is merely contradictory, not obliterative or explanatory. Essentially, Ahmed seeks impeachment evidence that certain witnesses were somehow influenced by unnamed persons in Iraq, presumably at Hameed's behest, to give false statements, which Ahmed speculates caused the filing of the Extradition Complaint.

The Ninth Circuit makes clear that contradictory evidence is not relevant to extradition proceedings. *Santos v. Thomas*, 830 F.3d 987, 992 (9th Cir. 2016) (en banc). Discovery is not permitted for the purpose of undermining a witness' credibility. *Man-Seok Choe v. Torres*, 525 F.3d 733, 740 (9th Cir. 2008) ("Choe further contends that the magistrate judge erred by refusing to allow him to conduct discovery on Ho's credibility, but this wasn't error because any such evidence wouldn't be admissible."), citing *Barapind v. Enomoto*, 400 F.3d 744, 749 (9th Cir. 2005). To the extent Ahmed seeks information that Hameed "presumably" had connections to individuals in Iraq who could bribe witnesses (doc. 236 at 5), the Court denies the motion for the reasons previously set forth in its Order (doc. 191 at 5) denying Ahmed's request for a motion to compel impeachment evidence regarding benefits. Impeachment evidence regarding benefits to persons who provided information or statements does not relate to whether probable cause exists that Ahmed committed the crimes alleged, and discovery of such information would not appreciably advance resolution of the contested issue. *Man-Seok Choe*, 525 F.3d at 733.

Ahmed cites to *Santos*, 830 F.3d at 922, for the proposition that evidence obtained via coercion or torture does not support probable cause. (Doc. 236 at 4). However, in *Santos*, the relator presented to the magistrate direct evidence that the witnesses who inculpated the relator recanted their initial statements and claimed that their statements were obtained by coercive measures. *Id*. at 997-99. That is why the Court in *Santos* held that the magistrate "took an overly restrictive view of its authority to consider evidence that an inculpatory statement was obtained under coercion." *Id*. at 1008. In contrast, Ahmed does not present any evidence, much less direct evidence, that any witness claimed that their statements were coerced; Ahmed merely speculates that Hameed "presumably"

had connections to unknown individuals in Iraq who could have coerced unknown witnesses. (Doc. 236 at 5). Ahmed's motion falls far short of the relevant showing under *Santos* to trigger discovery of the requested information about Hameed.

Ahmed cites this Court's decision in *United States v. Fraser*, No. 20-00170-MJ-PHX-MTM, 2021 WL 1968393 (D. Ariz. May 17, 2021), for the proposition that facts that "show an incentive to 'point the finger' at the relator 'diminish[] the credibility of statements, and are therefore relevant to a probable cause determination." (Doc. 236 at 4, citing *Fraser*, 2021 WL 1968393 at *5). Ahmed also cites to *Fraser* for the proposition that neither coerced or "paid-for" evidence provide sound support for probable cause. (Doc. 236 at 5, citing *Fraser*, 2021 WL 1968393 at *6).

*Fraser* is distinguishable on both points. First, Hameed, unlike the witnesses in *Fraser*, is neither in custody nor accused of committing any offense by either the United States or Iraq. Hameed does not have the same incentive to "point the finger" at Ahmed as the witnesses in *Fraser* had the incentive to "point the finger" at the relator.

Second, *Fraser* is distinguishable for the same reason *Santos* does not apply to this motion. Ahmed is <u>not</u> seeking information about the witnesses in the Extradition Complaint who implicate Ahmed in the murders of two Iraqi police officers. Instead, Ahmed seeks information about another person: Hameed. In *Fraser*, the Requesting State submitted summaries of statements from the witnesses *who directly implicated* the relator in the crimes for which the Requesting State sought extradition. The Court in *Fraser* considered such information highly relevant to the probable cause inquiry because it was on the basis of those witnesses that the Requesting State sought extradition. *See Fraser*, 2021 WL 1968393 at *7 ("The Court does not have transcripts of the actual statements by Robinson and Watson, or affidavits; further, it does not have the SMS messages that purportedly implicate Fraser, and it does not have any other evidence that supports or corroborates Fraser's alleged role in the drug smuggling scheme.").

//
//

Considering the breadth of the discovery request, the lack of corroborating materials to support the claims central to the motion to compel, and the limited nature of discovery in extradition proceedings, Ahmed's motion to compel is denied.

**IT IS HEREBY ORDERED** that Ahmed's Motion to Compel (doc. 236) is **denied**.

Dated this 14th day of July, 2021.

                                              *Michael T. Morrissey*
                                      Honorable Michael T. Morrissey
                                      United States Magistrate Judge