JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

RUBEN L. IÑIGUEZ
California State Bar #145916
DANIEL L. KAPLAN, #021158
Assistant Federal Public Defenders
ruben_iniguez@fd.org
dan_kaplan@fd.org

*Attorneys for Relator*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of the Extradition of Ali Yousif Ahmed Al-Nouri. | No. MJ-20-08033-PHX-MTM<br>**MOTION TO UNSEAL SEARCH WARRANT AFFIDAVITS** |

The relator, Ali Yousif Ahmed Al-Nouri, through counsel, Ruben L. Iñiguez and Daniel L. Kaplan, respectfully moves this Court to enter an Order unsealing the applications, affidavits, attachments, orders, and all other materials relative to the search and seizure warrants issued on or about January 28 and April 20, 2020, in related case Nos. 2:20-mb-3101-MTM-1 and 2:20-mb-08029-JZB-1. This motion is brought pursuant to Federal Rule of Criminal Procedure 41(g) and 18 U.S.C. §983(f) and is supported by the follow memorandum of points and authorities and attached exhibits. The government, through Assistant U.S. Attorney Todd M. Allison, opposes this motion.

Should the Court find that the government, despite the passage of 18 months, can sustain its burden of demonstrating a compelling interest in maintaining the secrecy of the warrant materials, Mr. Al-Nouri asks the Court to conduct an *in camera* review to determine whether the government can demonstrate that no less restrictive means, such as redaction, are available.

Respectfully submitted: July 29, 2021

JON M. SANDS
Federal Public Defender

*s/Ruben L. Iñiguez*
RUBEN L. IÑIGUEZ
DANIEL L. KAPLAN
Assistant Federal Public Defenders

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **FACTUAL BACKGROUND**

On January 28, 2020, Homeland Security Investigations agents applied to the Court for authorization to search the home and business of Mr. Al-Nouri. *See* Search and Seizure Warrant, attached hereto as Exhibit A.[1] The Court issued the warrant and, two days later, on January 30, federal agents arrested Mr. Al-Nouri and raided his home and business.[2] The agents seized a black iPhone 11 Pro Max from his person. They also seized numerous documents, photographs, medical records, and at least eight electronic devices from his home, including:

1. one red HP laptop, model 15-F272;
2. one blue HTC cell phone, model PM23220;
3. one black Nikon Cool Pix L105 camera;
4. one blue Samsung cell phone, model SM-J120AZ;
5. one white BLU cell phone, model Dash 5.0;
6. one pearl Galaxy cell phone, model SM-J320AZ;
7. one Smart Tab 2-in-1 tablet, model ST1009X; and
8. one blue HTC cell phone, serial number FA2C1W602331.

*See* Evidence Log, attached hereto as Exhibit B.

The agents also seized at least four other electronic devices from Mr. Al-Nouri's business office. Specifically, they took:

1. one Gateway Tower CPU, model DX4860-UB32P;
2. one Dell Tower CPU, model D07M;

---

[1] Mr. Al-Nouri's home is located at 16512 W. Quail Run Road in Surprise, Arizona. The office for the business that he and his wife operated, A-Plus Driving School, is located at 7106 N. 35th Avenue, Suite 200, in Phoenix.

[2] The Warrant specifically references Attachment A-1 and Attachment B, as well as "the affidavit(s)," as the basis for a finding of probable cause. Exhibit A. The affidavits and attachments remain sealed.

3

3. one HP Tower CPU, model P6277C; and

4. one Sony Vaio Laptop, model PCG-71318L.

The agents also seized one black iPhone, model A1661, from a Toyota Yaris that was in the business parking lot.

Less than three months later, on April 20, 2020, the government applied to the Court for a search and seizure warrant authorizing its forensic examination of the 14 electronic devices seized from Mr. Al-Nouri's person, home, and business. *See* Docket for *In the Matter of the Search of 14 Electronic Devices Seized from the Person and Premises of Ali Yousif Ahmed Al-Nouri*, Case No. 2:20-mb-03101-MTM-1 (D. Ariz.), attached hereto as Exhibit C. The Court promptly issued the warrant. *Id*.

Two months later, the government filed a Revised Proposed Protective Order. ECF 108. Among other things, the proposed order sought to govern the submission and disclosure of information related to an "active, ongoing criminal instigation of [Mr. Al-Nouri] that remains covert and is not known to the public or to [his] associates." ECF 106-1, Exhibit A at 1. The Court adopted the proposed order in full on June 19, 2020. ECF 109.

Eighteen months have passed since the government executed the initial search warrant and seized Mr. Al-Nouri's property. More than 15 months have elapsed since the Court authorized the forensic examination of his various electronic devices. To date, however, despite repeated requests from Mr. Al-Nouri, the government has failed to provide copies of any of the affidavits or other search warrant application materials. It similarly has refused to return any of his seized property.

## II. LEGAL ANALYSIS

"[T]he Fourth Amendment right to be free of unreasonable searches and seizures includes the right to examine the affidavit that supports a warrant after the search has been conducted and a return has been filed with the Clerk of the Court pursuant to Fed. R. Crim. P 41." *In re Search Warrants Issued August 29, 1994*, 889 F. Supp. 296, 299 (S.D. Ohio 1995). *See also United States v. Oliver*, 208 F. 3d 211, 2000 WL 263954, *2 (4th Cir. 2000) (per curiam) ("a defendant is entitled under the Fourth Amendment to examine the affidavit that supports a warrant after the search has been conducted"); *In re Search Warrants issued on April 26, 2004*, 353 F. Supp. 2d 584 (D. Md. 2004) (same); *In re the Search of Up N. Plastics, Inc.*, 940 F. Supp. 229, 232 (D. Minn. 1996) (same).

While the right of access is not absolute, it "may be denied only where the government shows (1) that a compelling governmental interest requires the materials be kept under seal and (2) there is no less restrictive means, such as redaction, available." *In re Search Warrants Issued August 29, 1994*, 889 F. Supp. at 299. *See also In re Search Warrant for 2934 Anderson Morris Road*, 48 F. Supp. 2d 1082, 1083 (N.D. Ohio 1999) ("If the government can demonstrate a compelling need to keep the contents of the affidavit secret for some reasonable period of time, then the person's right to examine the affidavit must yield."). Even where the government demonstrates a compelling need to maintain the secrecy of the warrant materials, "disclosure should not be postponed indefinitely." *Matter of Searches of Semtex Indus. Corp.*, 876 F. Supp. 426, 429 (E.D.N.Y. 1995) (ordering unsealing of all warrant documents within 12 weeks if no indictment issued by then).

Where the government "fail[s] to make *a specific showing of compelling need* for an extension of the [initial] sealing order," the property owner must be granted access. *In re the Search of Up N. Plastics, Inc.*, 940 F. Supp. at 234

(rejecting government claim of an ongoing investigation as "nothing more than conclusory allegations") (emphasis added).

### III. ARGUMENT

Unsealing of the affidavit and other warrant documents is warranted in this case for several reasons. First, Mr. Al-Nouri has a Fourth Amendment right to challenge both the reasonableness of the searches and the degree to which the warrants were supported by probable cause. Without the right to inspect the materials on which the search warrant was based, he could *never* make such a challenge. *See Michigan v. Tyler*, 436 U.S. 499, 508 (purpose of Fourth Amendment warrant requirement "is to provide the search subject with sufficient information to reassure him of the entry's legality."); Fed. R. Cr. P. 41(c), Advisory Committee's note to 1972 Amendments ("A person who wishes to challenge the validity of a search warrant has access to the affidavits upon which the warrant was issued.").

Second, a person whose property is seized pursuant to a search warrant cannot determine whether he should move for the return of the property under Federal Rule of Criminal Procedure 41(g) "unless they know the basis upon which the search warrant was issued." *In re the Search of Up N. Plastics, Inc.*, 940 F. Supp. at 233. "To permit an affidavit or any documents in support of a search warrant to remain sealed against examination by the person whose property was searched deprives him of the right secured by Rule 41 to challenge that search." *Id*.

Third, this is not an investigation in its preliminary stages. Rather, as the government has acknowledged, the investigation of Mr. Al-Nouri has been underway for at least four years. *See* ECF 59 at 27-29 (citing reports of government interviews in 2017 and 2018). To date, the affidavits and other warrant materials

have been maintained under seal for 18 months, far longer than allowed in other cases. *See In re Search Warrants Issued August 29, 1994*, 889 F. Supp. at 300 (finding that government failed to demonstrate a legitimate basis upon which to maintain the materials under seal "some six months after the search"). Because the government cannot articulate a sufficient basis to continue to maintain the warrant materials under seal, the Court should grant Mr. Al-Nouri's motion to unseal and allow him full access to the affidavits and other documents underlying the warrants.

## IV. CONCLUSION

For each of the foregoing reasons, Mr. Al-Nouri respectfully asks the Court to grant his motion to unseal and allow him full access to the affidavits and other warrant materials. In the alternative, he requests an *in camera* review of the materials to determine whether the government can demonstrate that no less restrictive means, such as redaction, are available.

Respectfully submitted:  July 29, 2021

JON M. SANDS
Federal Public Defender

 s/Ruben L. Iñiguez
RUBEN L. IÑIGUEZ
DANIEL L. KAPLAN
Assistant Federal Public Defenders