# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

In the Matter of the Extradition of Ali Yousif Ahmed Al-Nouri a/k/a Ali Youssef Ahmed Al-Nouri, Ali Ahmed, Ali Yousif Ahmed Al Noori, Ali Yousif Ahmed Nouri, Ali Al-Daleme, Ali Yousif Ahmed Al-Mahmadi, Ali Yousif Ahmed, and Ali Yousif Nouri.

No. 20-MJ-08033-PHX-MTM

**ORDER**

Before the Court is Ahmed's Motion for Reconsideration (doc. 266), filed July 26, 2021. Ahmed requests that the Court reconsider its ruling that Ahmed was prohibited from introducing evidence to impeach the government's expert witness, Dr. Craig Whiteside. (*Id*. at 1).

In the District of Arizona, motions for reconsideration are governed by Rule 7.2(g) of the Local Rules of Civil Procedure. Generally, motions for reconsideration are disfavored, and should be granted "only upon a showing of manifest error" or "new facts or legal authority that could not have been raised earlier with reasonable diligence." *Yount v. Salazar*, 933 F. Supp. 2d 1215, 1236 (D. Ariz. 2013).

The Court denies the motion.[1] In *Santos v. Thomas*, 830 F.3d 987, 992 (9th Cir. 2016) (en banc), the Ninth Circuit stated that "[g]iven the limited nature of extradition proceedings, neither the Federal Rules of Evidence nor the Federal Rules of Criminal Procedure apply." *Id*. at 992. The *Santos* Court noted that Ninth Circuit the accused "does not have the right to introduce evidence in defense" that "merely 'contradict[s] the testimony for the prosecution.'" *Id*., citing *Collins v. Loisel*, 259 U.S. 309, 316-17 (1922).

---

[1] The Court also denies as moot Ahmed's Motion for Leave to File Non-Electronic Exhibit (doc. 268).

"[C]ontradictory evidence" is evidence that "merely controverts the existence of probable cause, or raises a defense." *Santos*, 830 F.3d at 992 (internal citations omitted). The *Santos* Court cited favorably to *Eain v. Wilkes*, 641 F.2d 504, 511 (7th Cir. 1981), where the Seventh Circuit stated that "[a]n accused in an extradition hearing has no right to contradict the demanding country's proof or to pose questions of credibility as in an ordinary trial, but only to offer evidence which explains or clarifies that proof." *Id*. In particular, the *Santos* Court stated that a relator may "may not impeach government witnesses or produce witnesses whose testimony contradicts evidence already offered by the government." *Id*. at 993, citing *Charlton v. Kelly*, 229 U.S. 447, 461 (1913).

*Santos* is clear in instructing that impeachment of witnesses in an extradition hearing is not permitted, and this Court does not infer from *Santos* an unstated exception for expert witnesses. Both parties presented their expert opinions about matters germane to the extradition proceeding, such as whether the political offense doctrine applies given the facts on the ground in the requesting state.

Ahmed argues that a contrary conclusion "leads to illogical results" for two reasons. First, Ahmed observes that reading the Ninth Circuit's statement in *Santos* on its face risks "creating a protocol under which, even if both parties present expert testimony on an important question, only the relator's expert would be subject to impeachment." (Doc. 266 at 6). However, as noted by the *Santos* Court, 830 F.3d at 992, "[t]he accused, however, does not have the right to introduce evidence in defense because that would require the government seeking his extradition to go into a full trial on the merits in a foreign country." (internal quotations omitted); *see also In re Extradition of Handanovic*, 826 F. Supp. 2d 1237, 1239 (D. Or. 2011) ("The defendant's evidence in an extradition proceeding is properly limited to that which explains the requesting country's proof and excludes contradictory or impeaching evidence.").

Second, Ahmed argues that the Court's interpretation "would bar the relator from producing *any* expert testimony on an important question, because the relator would be precluded from producing an expert witness ""whose testimony contradicts' the

government expert's testimony." (Doc. 266 at 6). However, Ahmed's conclusion does not follow either from the Court's ruling at the hearing or from the terms of the motion itself. The issue Ahmed requests the Court reconsider is solely its determination that impeachment of expert witnesses is not permitted. (*Id.* at 4). The Court's ruling at the hearing was narrow; neither party was permitted to impeach the other's witness. The Court did not rule that Ahmed's expert could not testify or be directly examined by the relator, and in fact the testimony by Ahmed's expert was admitted.

**IT IS ORDERED:**

(1) Ahmed's Motion for Reconsideration (doc. 266) is **denied**.

(2) Ahmed's Motion for Leave to File Non-Electronic Exhibit (doc. 268) is **denied as moot**.

Dated this 13th day of August, 2021.

Honorable Michael T. Morrissey
United States Magistrate Judge